**In re NORPLANT CONTRACEPTIVE PRODUCTS LIABILITY LITIGATION.**

**Valerie L. BAGWELL, Plaintiff,**

v.

**WYETH–AYERST LABORATORIES, a Division of American Home Products Corporation, Defendant.**

No. 1:95 CV 5022.

United States District Court, E.D. Texas, Beaumont Division.

Sept. 29, 1995.

---

Bryan O. Blevins, Jr., D'Juana Parks of Provost Umphrey Law Firm, L.L.P., Beaumont, TX, for Plaintiff.

Lawrence L. Germer of Germer & Gertz, L.L.P., Beaumont, TX, Burgain G. Hayes, Michael R. Klatt, Leslie A. Benitez, Susan E. Burnett of Clark, Thomas & Winters, Austin, TX, John W. Vardaman, F. Lane Heard, III, Steven M. Farina of Williams & Connolly, Washington, DC, for Defendant.

### ORDER DENYING DEFENDANT'S MOTION TO VACATE ORDER

SCHELL, Chief Judge.

Before this court is Defendant's Motion to Vacate Order Granting Leave to Amend Complaint, filed June 21, 1995. No response was filed to this motion. Upon consideration of the motion, the court is of the opinion that the motion should be DENIED.

 Defendant objects to Plaintiffs' Amended Complaint to the extent that it adds as defendants Leiras Oy and Huhtamaki Oy, relying upon the argument put forth in two related cases[1] that this court does not have jurisdiction over these defendants. However, in an order dated May 12, 1995, this court determined that it does have jurisdiction over these defendants. *In re Norplant Prods. Liab. Litig.*, 886 F.Supp. 586 (E.D.Tex.1995).

For the same reasons, this court has jurisdiction over these defendants in the case at bar. As a result, Defendant's lone argument in favor of vacating this court's previous order allowing Plaintiffs to amend their complaint to add these two defendants also fails.

It is, therefore, ORDERED that Defendant's Motion to Vacate Order Granting Leave to Amend Complaint is hereby DENIED.

### ORDER

Before this court are twelve Motions to Intervene, filed on behalf of 1723 Intervenors,[1] as well as two Agreed Motions to Set Aside this court's prior orders which granted motions to intervene in this case. The Defendant filed nearly identical responses to all of the Motions to Intervene.

In its responses, Defendant stated that because all of these actions are before this court pursuant to 28 U.S.C. § 1407, it had no objection to the intervention motions at this time, although it did reserve the right to seek, following discovery, a change of venue under 28 U.S.C. § 1404(a), separate trials under Rule 20(b), or severance under Rule 21 of the various plaintiffs' causes of action. Therefore, upon consideration of the motions and the responses, the court is of the opinion that the motions to intervene should be GRANTED pursuant to Federal Rule of Civil Procedure 24(b)(2). Further, since the pending motions to intervene are granted, the court sees no reason to set aside its previous orders of April 20, 1995 and April 27, 1995, both of which granted motions to intervene. Therefore, the court is of the opinion that the motions to set aside the court's orders of April 10, 1995 and April 27, 1995 should be DENIED.

---

1. The two related cases are Bocanegra v. American Home Prods. Corp., No. 1:95–CV–5061 (E.D.Tex. filed January 13, 1995), and Ozuna v. American Home Prods. Corp., No. 1:95–CV–5062 (E.D.Tex. filed January 13, 1995). Both cases are among those which have been transferred to this court by the Judicial Panel on Multidistrict Litigation for consolidated pretrial proceedings.

1. The names of the intervenors are set out in the proposed orders which are attached to this order and incorporated herein insofar as they list the intervenors.